UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE VICENTE FERNANDES LAGE, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| ANTONE MONIZ, Superintendent, Plymouth | * | |
| County Correctional Facility; TIMOTHY | * | Civil Action No. 1:26-cv-11851-IT |
| BAPTISTE, Supervisory ICE Officer; | * | |
| PATRICIA HYDE, Field Office Director; | * | |
| MICHAEL KROL, HSI New England Special | * | |
| Agent in Charge; TODD LYONS, Acting | * | |
| Director of ICE; MARKWAYNE MULLIN, | * | |
| U.S. Secretary of Homeland Security, | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER

April 29, 2026

TALWANI, D.J.

Petitioner Jose Vicente Fernandes Lage, a citizen of Brazil, entered the United States on or about July 5, 2021, and has remained in the country continuously since that time. Pet. ¶¶ 17–18 [Doc. No. 1]. "[I]nitial removal proceedings" against Petitioner were terminated on July 7, 2024. Id. ¶ 19. Petitioner "does not speak English and is on the Autism spectrum." Id. ¶ 21.

On March 12, 2026, Petitioner purchased a beverage at a liquor store and "allegedly sat on the floor [of the store] and opened and consumed [the] beverage[.]" Id. ¶ 22. Petitioner could not understand or respond to "instructions or interactions" with others present, and law enforcement was ultimately called to the store and took Petitioner into custody. Id. At a later time, U.S. Immigration and Customs Enforcement ("ICE") "assumed custody" of Petitioner. Id. He is presently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts. Id. ¶ 7.

1

On April 22, 2026, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Emergency Motion for Stay of Removal [Doc. No. 1], in which he seeks "immediate release or, in the alternative, a constitutionally compliant bond hearing under INA § 1226(a), consistent with the requirements articulated by the First Circuit in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), in which the burden rests squarely on the Government." Id. ¶ 5.

As grounds for his Petition [Doc. No. 1], Petitioner asserts that (1) he is subject to detention under 8 U.S.C. § 1226(a), rather than under 8 U.S.C. § 1225, and is therefore entitled to a bond hearing; (2) without access to a bond hearing, Petitioner's detention violates his right to due process under the Fifth Amendment to the United States Constitution; and (3) to avoid "interfere[ence] with Petitioner's access to counsel, disrupt[ion of] ongoing proceedings, and undermin[ing] this Court's jurisdiction[,]" a stay of any transfer of Petitioner outside of the District of Massachusetts is necessary "while this petition is pending[.]" Id. ¶¶ 27–33.

In their Response [Doc. No. 6], Respondents

> submit that the legal issues presented in this Petition are similar to those recently addressed by the Court in Doe v. Moniz[, 800 F. Supp. 3d 203 (D. Mass. 2025), appeal dismissed per stipulation, Nov. 25, 2025]; Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025); Da Silva v. Hyde, No. 25-v-12638-IT (D. Mass. Oct. 7, 2025); Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025); and Caguana-Caguana v. Moniz, No. 25-cv-13142-IT, 2025 WL 3171043 (D. Mass. Nov. 13, 2025).

Respondents therefore acknowledge that "[s]hould the Court follow its reasoning" in those cases, "it would reach the same result here." Resp. 1 [Doc. No. 6]. Where the First Circuit has not yet had an opportunity to address this issue,[1] Respondents point to decisions of the Fifth and Eighth

---

[1] Respondents appealed only one of these decisions to the First Circuit and subsequently stipulated to a dismissal of that appeal. See Judgment, Doe v. Moniz, No. 25-cv-12094 (Nov. 25, 2025), Dkt. No. 69.

Circuits upholding detention under 8 U.S.C. § 1225(b)(2)(A). Id. at 1 n.2 (citing Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026), and Avila v. Bondi, 170 F.4th 1128, 1133 (8th Cir. 2026)). The court finds more persuasive the Second Circuit's recent resolution of the issue in Cunha v. Freden, ___ F.4th___, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), where the court "part[ed] ways with two other circuits that have addressed this question, [and] join[ed] the overwhelming majority of federal judges across the Nation to consider it and conclude[d] that the government's novel interpretation of the immigration statutes defies their plain text." Id. at *2.

In a footnote, Respondents assert that, in the alternative, "the Court should dismiss the Petition because Petitioner appears to be a member of the class certified in Guerrero Orellana v. Moniz, [813 F. Supp. 3d 185 (D. Mass. 2025)]." Resp. 2 n.2 [Doc. No. 6]. Respondents acknowledge, however, that "this argument was rejected by the Guerrero Orellana court in its order granting class certification." Id. The court remains unconvinced by this argument and again finds nothing in the Guerrero Orellana declaratory judgment that restricts the court's habeas jurisdiction to ensure that Petitioner is not held in custody in contravention of that judgment or on grounds found unlawful by this court. See, e.g., Tabares Areiza v. Moniz, No. 26-cv-11563-IT, 2026 WL 961950, at *2 (D. Mass. Apr. 8, 2026); Rodriguez v. Wesling, No. 26-cv-11247-IT, 2026 WL 788250, at *1 (D. Mass. Mar. 20, 2026); Arbe Vilchez v. Moniz, No. 26-cv-10571-IT, 2026 WL 381828, at *2 (D. Mass. Feb. 11, 2026); Moura v. Moniz, No. 25-cv-14011-IT, 2026 WL 177862, at *2 (D. Mass. Jan. 22, 2026).

Accordingly, where the court finds that the reasoning in Doe remains correct, and consistent with the declaratory judgment ordered in Guerrero Orellana, the Petition [Doc. No. 1] is GRANTED as follows:

No later than May 6, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued detention.

Respondents shall submit a status report on this matter no later than May 11, 2026.

IT IS SO ORDERED.

April 29, 2026                                          /s/ Indira Talwani
                                                       United States District Judge

4